UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____  :
                                      :
**MARGARITA HERNANDEZ,**              :
                                      :
      **Plaintiff**   :
                                      :
                                      :
      v.             :      Civil Action No. 06-2679(FSH)
                                      :
                                      :ORDER ON INFORMAL APPLICATION &
**SK USA CLEANERS, INC., et al.**     :AMENDED PRETRIAL SCHEDULING
                                      : ORDER
                                      :
      **Defendants**  :
                                      :
_____  :

      **THIS MATTER** having come before the Court by way of letter dated November 21, 2006, in which the plaintiff requests an extension of the deadline to send out the notification of the collective action to allow them to obtain contact information, the deadline to opt in/out of the collective action, and adjournment of the settlement conference; and the Court being advised that the defendants do not oppose this request; and the Court advising the parties that these adjustments will not operate to extend the deadlines to complete discovery or submit the joint proposed final pretrial order; and for good cause shown,

      **IT IS on this 22nd day of November, 2006,**

      ORDERED THAT:

      1. Plaintiff shall provide a copy of this Order to defense counsel.

      2. The request to extend the deadlines to send out the notification of the collective action and to opt in/out, and to adjourn the settlement conference is granted.

      3. No later than **December 15, 2006**, the plaintiff's counsel shall send notification to each employee of this case and their right to opt in/opt out of the collective action. The deadline to opt in/opt out shall be no later than **February 15, 2007.**

### I.  COURT DATES

      1.    Unless the parties advise the Court that they wish to participate in mediation, there will be a settlement conference before the Undersigned on **March 1, 2007 at 11:00 a.m.** No later than **February 21, 2007,** each party should submit a confidential memorandum to the Court,

not to exceed 5 pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement. Trial Counsel and clients with full settlement authority must attend the conference. If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

2. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **April 18, 2007 at 10:00 a.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II.  DISCOVERY AND MOTION PRACTICE

3. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **November 10, 2006.**

4. Discovery necessary to engage in meaningful settlement discussions:

identification of plaintiffs seeking to op in to this collective action
_____ and will be produced by **January 24, 2007**.

5. The parties may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **December 1, 2006,** which shall be responded to no later than **January 8, 2007.**

6. The number of depositions to be taken by each side shall not exceed **10** . No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. The depositions are to be completed no later than **January 31, 2007.**

7. Fact discovery is to remain open through **January 31, 2007.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

8. Counsel shall confer in a good faith attempt to informally resolve any discovery disputes before seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance by a brief letter outlining the dispute. The Court will thereafter schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) to resolve the dispute. See L. Civ. R. 16.1(f)(1).

If the dispute involves an alleged deficiency in a response to a discovery request, then the parties shall submit a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant

and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **January 24, 2007** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

9.  The Amended Answer shall be filed by **November 10, 2006.**

10.  All dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference. Any and all dispositive motions must be filed no later than **February 16, 2007** and must be comply with Local Rule 7.1. No pretrial dispositive motions will be entertained after that date. Any responses shall be submitted no later than **February 26, 2007** and any replies shall be submitted no later than **March 5, 2007.** The return date shall be **March 12, 2007** before the Hon. Faith S. Hochberg. Her Honor's chambers will advise the parties if oral argument will be required.

### III.  EXPERTS

11.  All affirmative expert reports shall be delivered by **none**.

12.  All responding expert reports shall be delivered by **none.**

13.  a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

b. All expert depositions shall be completed by **none**.

### IV.  FINAL PRETRIAL CONFERENCE

14.  A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **April 18, 2007 at 10:00 a.m.** The final pretrial conference will occur even if dispositive motions are pending. The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

15.  <u>Not later than **20 working days**  before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

16.  All counsel are directed to assemble at the office of Plaintiff's counsel not later

than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

17. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

18. The original of the Final Pretrial Order shall be delivered to the CHAMBERS of the Undersigned no later than **April 11, 2007 at 4:00 p.m.**  All counsel are responsible for the timely submission of the Pretrial Order.

19. The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V.  MISCELLANEOUS

20. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

21. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

22. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

23. Communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

24. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

 s/Patty Shwartz  
**UNITED STATES MAGISTRATE JUDGE**